# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JACOB ANGELO MASSEY,

    Plaintiff

v.

MARK B. JACKSON, et al.,

    Defendants

Case No.: 3:24-cv-00379-ART-CSD

**Report & Recommendation of
U.S. Magistrate Judge**

Re: ECF Nos. 1, 1-1, 1-2

 

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF Nos. 1, 3) for an inmate and pro se complaint (ECF No. 1-1), as well as a motion for appointment of counsel (ECF No. 1-2).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $2.84, and his average monthly deposits were $16.67.

Plaintiff's application to proceed IFP should be granted. Plaintiff should be required to pay an initial partial filing fee in the amount of $3.33 (20% of $16.67); thereafter, whenever his

2

prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

1    The court must accept as true the allegations, construe the pleadings in the light most

2   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

3   395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

4   stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

5   (1980) (internal quotation marks and citation omitted).

6    A complaint must contain more than a "formulaic recitation of the elements of a cause of

7   action," it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

9   must contain something more … than … a statement of facts that merely creates a suspicion [of]

10   a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a

11   plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at

12   570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13    A dismissal should not be without leave to amend unless it is clear from the face of the

14   complaint that the action is frivolous and could not be amended to state a federal claim, or the

15   district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

16   1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

17   **B. Plaintiff's Complaint**

18    Plaintiff's complaint checks the box indicating he is proceeding under 42 U.S.C. § 1983.

19   He names as defendants Douglas County District Attorney (DA) Mark B. Jackson, Douglas

20   County Assistant District Attorney (ADA) Nathaniel Smith, Douglas County ADA James Sibley,

21   Douglas County District Court Judge Thomas Gregory, and Douglas County District Court

22   Judge Todd Young.

23

Plaintiff asserts that he was arrested in 2022 for felony domestic violence charges. He alleges that the District Attorney "spliced and edited" four different 911 calls to create false evidence, and in addition, the witness statements disappeared. He asserts the case resulted in a mistrial and was dismissed with prejudice on May 14, 2024, as a result of prosecutorial misconduct (Case 2022-CR-00206). Plaintiff asserts that ADA Smith was forced to resign, and he is now a District Attorney in Lyon County.

Plaintiff goes on to assert that Judge Gregory recused to allow Judge Young to hear the case in 2024-CR-00068 under Nevada Revised Statute (NRS) 199.335[1], and Young sent Plaintiff to prison. He avers that Judge Gregory denied him a continuance and forced Plaintiff to go to trial without time to prepare or review the evidence.

Plaintiff asserts that his rights were violated under the Sixth, Twelfth, and First Amendments. He requests that all of this be made public, and for District Attorney Jackson to explain the actions of the State, and to be compensated for them taking "over a year of my life and counting."

First, Plaintiff sues Judges Gregory and Young for conduct undertaken in connection with his criminal proceedings. Judges are absolutely immune for acts performed in their official capacity in connection with his criminal proceedings. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Therefore, Plaintiffs claims against Judges Gregory and Young should be dismissed with prejudice.

Second, Plaintiff sues Deputy District Attorneys concerning their involvement in his criminal proceedings and the alleged falsification of evidence. State prosecutors are absolutely

---

[1] NRS 199.335 is Nevada's law making it a crime for a defendant in a criminal case to fail to appear for a required court proceeding.

immune from section 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" or phrased differently, "when performing the traditional functions of an advocate." *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). Therefore, Plaintiff's claims against ADA Smith and ADA Sibley should be dismissed with prejudice.

Plaintiff also names Douglas County DA Mark Jackson, but there are no allegations pertaining specifically to Jackson. Instead, Plaintiff's allegations focus on the conduct of the ADAs assigned to prosecute his criminal cases. To the extent Plaintiff is suing DA Mark Jackson as the supervisor of ADAs Smith and Sibley, DA Jackson is also absolutely immune from suit. *Garmon,* 828 F.3d at 845 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 345-46 (2009)) (attorney supervising trial prosecutor who is absolutely immune is also absolutely immune). Therefore, DA Mark Jackson should also be dismissed with prejudice.

Finally, the court notes that Plaintiff has pursued this action pursuant to 42 U.S.C. § 1983. If, however, Plaintiff is actually trying to assert a Sixth Amendment claim of ineffective assistance of counsel, such a claim must be raised in a direct criminal appeal, post-conviction, or habeas proceeding, and not in a section 1983 action. Claims for ineffective assistance of counsel are not recognized under Section 1983, despite the statute's "literal applicability" to the Sixth Amendment, because specific appellate and habeas statutes apply. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Nevada state prisoners must initially seek post-conviction relief in state court. *See Morgano v. Smith*, 879 P.2d 735 n. 3, 110 Nev. 1025 (1994) (where a claim is "based primarily on the ineffective assistance of counsel, post-conviction proceedings, rather than civil proceedings, provide such litigants a more appropriate forum to present their claims"). Nevada

law provides that a claim for ineffective assistance of counsel must first be raised on direct appeal of a conviction. See Nev. Rev. Stat. 34.810(1)(b). Nevada also provides habeas relief for ineffective assistance of counsel claims. *See* Nev. Rev. Stat. 34.720, *et. seq.*. Where a state habeas remedy is available, a plaintiff cannot seek federal habeas relief until he has first sought and been denied habeas relief in state courts. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); 28 U.S.C. §§ 2241-66.

If this is the case, Plaintiff should file a notice with the court indicating that he is seeking to pursue relief in a habeas petition.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) should be **GRANTED**; however, within **30 DAYS** of the date of any order adopting this Report and Recommendation, Plaintiff should be required to pay, through NDOC, an initial partial filing fee in the amount of $3.33. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

(2) The Clerk should be directed to **FILE** the complaint (ECF No. 1-1).

(3) The Complaint should be **DISMISSED WITH PREJUDICE**.

(4) Plaintiff's motion for appointment of counsel (ECF No. 1-2) should be **DENIED AS MOOT**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 16, 2024

_____
Craig S. Denney
United States Magistrate Judge

8