UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB ANGELO MASSEY,<br><br>                                Plaintiff,<br>v.<br><br>MARK B. JACKSON, et al.,<br><br>                               Defendants. | Case No. 3:24-cv-00379-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

*Pro se* Plaintiff Jacob Angelo Massey, an inmate in custody of the Nevada Department of Corrections, files this application to proceed in forma pauperis, pro se complaint, and motion for appointment of counsel. (ECF No. 1.) Magistrate Judge Denney issued a report and recommendation recommending that the Court dismiss the action with prejudice. (ECF No. 5.) Plaintiff has not filed an objection. The Court adopts Judge Denney's report and recommendation.

## I. STANDARD OF REVIEW

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II. FACTS

Plaintiff indicates that he is proceeding under 42 U.S.C. § 1983 and names Douglas County District Attorney Mark B. Jackson, Douglas County Assistant District Attorney Nathaniel Smith, Douglas County Assistant District Attorney James Sibley, Douglas County District Court Judge Thomas Gregory, and

1

1  Douglas County District Court Judge Todd Young. (ECF Nos. 1 at 1; 1-1 at 1.)

2  Plaintiff asserts that he was arrested in 2022 for felony domestic violence charges. He alleges that the district attorney "spliced and edited" four different 911 calls to create false evidence, and in addition, the witness statements disappeared. He asserts the case resulted in a mistrial and was dismissed with prejudice on May 14, 2024, as a result of prosecutorial misconduct (Case 2022-CR-00206). Plaintiff asserts that Smith was forced to resign, and he is now a district attorney in Lyon County. (ECF No. 1-1 at 3.)

Plaintiff asserts that Judge Gregory recused to allow Judge Young to hear the case in 2024-CR-00068 under Nevada Revised Statute (NRS) 199.3351, and Young sent Plaintiff to prison. Judge Gregory denied Plaintiff a continuance and forced Plaintiff to go to trial without time to prepare or review the evidence. (*Id.*)

Plaintiff asserts that his rights were violated under the Sixth, Twelfth, and First Amendments.

## III. DISCUSSION

Plaintiff sues Judges Gregory and Young for conduct undertaken in connection with his criminal proceedings. Judges are immune for acts performed in their official capacity in connection with his criminal proceedings. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Therefore, Plaintiff's claims against Judges Gregory and Young are dismissed with prejudice.

Plaintiff sues deputy district attorneys Smith and Sibley for events related to their involvement in his criminal proceedings. State prosecutors are immune from section 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" or "when performing the traditional functions of an advocate." *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (citation omitted). Therefore, Plaintiff's claims against Smith and Sibley are dismissed with prejudice.

Plaintiff also names district attorney Mark Jackson, but there are no

allegations pertaining specifically to Jackson. To the extent Plaintiff is suing Jackson as the supervisor of Smith and Sibley, Jackson is also immune from suit. *Garmon*, 828 F.3d at 845 (citation omitted). Therefore, Jackson is dismissed with prejudice.

As Judge Denney explained in the report and recommendation, if Plaintiff is trying to assert a Sixth Amendment claim of ineffective assistance of counsel, such a claim must be raised in a direct criminal appeal, post-conviction, or habeas proceeding, rather than a section 1983 action.

## IV.  CONCLUSION

It is therefore ordered that Judge Denney's report and recommendation (ECF No. 5) is adopted in full, except that the IFP application is denied as moot. Accordingly:

Plaintiff's IFP application (ECF No. 1) is DENIED AS MOOT.

The Clerk of Court is ordered to FILE the complaint (ECF No. 1-1).

The complaint is DISMISSED with prejudice.

Plaintiff's motion for appointment of counsel (ECF No. 1-2) is DENIED AS MOOT.

The Clerk of Court is directed to ENTER JUDGMENT accordingly.

DATED THIS 21st day of November 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE